**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Milena N. Engh,<br><br>Debtor. | C/A No. 04-00128-JW<br><br>Adv. Pro. No. 07-80018-JW |
| Milena N. Engh, Benjamin R. Engh, Francesca A. Engh, Damon E. Rake, Maya L. Rake, Rolf P. Lynton, Harriet R. Lynton as Custodian-in-Fact of the Investment Account of Milena N. Engh, Benjamin R. Engh, and Francesca A. Engh,<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Home Mortgage, EMC Mortgage Corporation, Cyprexx Services, E.R.V. Bidding, Inc., Charley Newman d/b/a REO Services, Inc., and Harold Spires<br><br>Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART EMC MORTGAGE CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

This matter comes before the Court upon a Motion for Partial Summary Judgment filed by EMC Mortgage Corporation ("EMC"). EMC seeks summary judgment for certain claims asserted by various plaintiffs in their complaint for actual and punitive damages arising from (1) an alleged violation of stay, (2) an alleged act of conversion, and (3) an alleged trespass. The Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052.[1]

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

## **FINDINGS OF FACT**

1. All plaintiffs in this proceeding are members of one family. Maya Rake ("Maya") is the daughter of Rolf and Harriet Lynton (Rolf and Harriet collectively are the "Lyntons"). Damon Rake ("Damon") is Maya's husband, and the stepfather to Maya's three children from a prior marriage (Damon, Maya and the three children collectively are the "Rakes"). The children are Benjamin Engh ("Benjamin"), Milena Engh ("Milena" or "Debtor"), and Francesca Engh ("Francesca") (collectively Benjamin, Milena, and Chelsea are the "Engh Children").

2. On October 19, 2000, Damon Rake executed a note and mortgage ("Note and Mortgage") in favor of Wells Fargo to finance the purchase of real property located at 1523 Saramont Road, Columbia, South Carolina ("Saramont Property").

3. The purchase price for the Saramont Property was $370,000 of which $240,000 was financed by the Note and Mortgage.

4. The remainder of the purchase price and additional closing costs (totaling over $130,000) for the Saramont Property came from trust accounts that the Lyntons created for the benefit of the Engh Children and from Damon Rake and/or his company, DMR of Columbia, Inc.

5. To secure payment on the Note, Wells Fargo obtained a mortgage from Damon and the Engh Children (through their custodian of accounts, Harriet Lynton).

6. Damon signed the mortgage on his own behalf, but Maya signed the mortgage as the Attorney-in-Fact of Harriet who was acting as the custodian of accounts for the Engh Children.

7. Maya Rake and Rolf Lynton do not appear on the Title to Real Estate for the Saramont Property. Furthermore, the Lyntons have never resided at the Saramont Property.

8. On or about January 25, 2002, Wells Fargo filed a summons and complaint in the South Carolina Court of Common Pleas for the County of Richland ("State Court") seeking foreclosure against Damon Rake and Harriet Lynton as custodian of accounts for the Engh Children in State Court. After filing the foreclosure action, Wells Fargo assigned the servicing rights to the Note and Mortgage to EMC, and thereafter, EMC maintained the foreclosure action.

9. Damon Rake and Harriet Lynton defaulted, and on June 14, 2002, the State Court entered a Master in Equity's Order and Judgment of Foreclosure and Sale ("Judgment of Foreclosure").

10. After entering the Judgment of Foreclosure, the State Court conducted two foreclosure sales. The first foreclosure sale was held on July 1, 2002, but the State Court set aside that first sale because Damon filed a bankruptcy petition on the date of the sale. Ultimately, Damon's bankruptcy was dismissed.

11. The State Court conducted a second foreclosure sale on July 3, 2003. The second foreclosure sale was also set aside because Benjamin Engh filed a bankruptcy petition on the date of the second foreclosure sale. Much like Damon's bankruptcy case, Benjamin's case was also dismissed.

12. The State Court conducted a third foreclosure sale ("Third Foreclosure Sale") on January 5, 2004; however, the sale had to be set aside because Debtor filed a bankruptcy petition (C/A No. 04-00128-jw) on the scheduled date of the sale. Before Debtor filed her bankruptcy case, the Rake Family conducted a family meeting and decided that another bankruptcy filing was needed to protect the Saramont Property.

13. None of the other Plaintiffs was a joint filer in Debtor's bankruptcy. On February 17, 2004, Debtor filed a motion to dismiss her Chapter 13 case voluntarily. Without objection

from any interested parties or the Chapter 13 Trustee, the Court entered an order dismissing Debtor's Chapter 13 case on February 20, 2004. The Chapter 13 Trustee's report and final account noted that Debtor did not make any payments to the Trustee during the course of her bankruptcy case.

14. On December 29, 2006, Maya Rake filed a chapter 13 bankruptcy petition (C/A No. 06-06067-DD) with this Court in order to prevent the foreclosure of her new home at 3943 Hickory Street, Columbia, South Carolina ("Hickory Property").

15. Prior to the filing, Maya fell behind in payments, and her mortgage creditor, New Century Mortgage, was pursuing foreclosure. Maya's bankruptcy was dismissed on February 13, 2007 because she failed to attend her first meeting of creditors.

16. She also failed to provide the Chapter 13 Trustee with tax returns for the four tax years preceding her first bankruptcy filing. Maya did not make any payments to her mortgage creditor during the course of her first bankruptcy case.

17. After the Bankruptcy Court dismissed her first case, Maya filed a second bankruptcy petition (C/A No. 07-01808-HB), on or about April 2, 2007, to prevent a scheduled foreclosure sale for the Hickory Property.

18. Maya did not file any schedules in this case. Maya voluntarily dismissed her second bankruptcy because she filed her bankruptcy petition after the foreclosure sale for the Hickory Property was completed. During this second case, Maya again failed to make any payments to her mortgage creditor.

19. Maya filed a third bankruptcy case (C/A No. 07-03589-HB) on July 2, 2007. William K. Stephenson was appointed as the chapter 13 trustee. In her filed schedules, Maya failed to disclose her interest in this adversary.

## CONCLUSIONS OF LAW

Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, ..., show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See also In re Ducane Gas Grills, Inc., 320 B.R. 341, 348 (Bankr. D.S.C. 2004) ("summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact." In re Grisard-Van Roey, C/A No. 06-00576-jw, Adv. Pro. No. 06-80178-jw, slip op. at 3 (Bankr. D.S.C. Apr. 27, 2007). Upon the moving party making such a showing, the burden shifts to the non-moving party to come forward with specific facts demonstrating that a genuine issue exists for trial. Fed. R. Civ. P. 56(e); In re Ducane Gas Grills, Inc., 320 B.R. 341, 349 (citing Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

EMC seeks summary judgment for the following claims asserted by Plaintiffs: (1) the violation of stay claims asserted by Plaintiffs other than the Debtor; (2) Harriet Lynton's conversion claim; (3) Francesca Engh's conversion claim; (4) Rolf Lynton's trespass claim; and (5) limiting the damage claims of Damon Rake, Benjamin Engh, and Milena Engh and barring

5

Maya Rake's claims under the doctrine of judicial estoppel. Accordingly, the Court will evaluate each of EMC's grounds for summary judgment in turn.

### I. EMC IS ENTITLED TO SUMMARY JUDGMENT FOR THE VIOLATION OF STAY CLAIMS ASSERTED BY PLAINTIFFS OTHER THAN DEBTOR

EMC contends that it is entitled to summary judgment for the violation of stay claims asserted by Debtor's family members. The Court agrees. None of the Plaintiffs, other than Debtor, has standing to seek damages under 11 U.S.C. § 362(h). "Prudential standing...refers to the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Lesick v. Rehabilitated Inner City Housing, LLC, Chp. 7 No. 03-00038, Adv. No. 05-10075, 2006 Bankr. LEXIS 1571 at *11 (Bankr. D.D.C. July 19, 2006) (citing Elk Grove Unified School District v. Newdow, 542 U.S. 1, 12 (2004)). The rationale behind the automatic stay is to "allow the *debtor* to proceed with bankruptcy, while free from the burden of creditor claims, in order to facilitate administration of the *debtor's property* or *the debtor's estate*" In re Tubular Technologies, C/A No. 06-00228-jw, slip op. at 3. Accordingly, Plaintiffs needed to demonstrate some role in the administration of Debtor's bankruptcy.

Plaintiffs attempt to justify their assertion of rights under § 362(h) through Rule 20 of the Federal Rules of Civil Procedure. This argument misses the mark, and fails to present any evidence demonstrating the other Plaintiffs' substantive role in the administration of Debtor's bankruptcy case (i.e. creditors or the Chapter 13 Trustee). Thus, permitting Debtor's family to assert claims under § 362(h) under the factual circumstances of this case fails to further the rationale and purpose of the automatic stay. See Lesick, Chp. 7 No. 03-00038, Adv. No. 05-10075, 2006 Bankr. LEXIS 1571 at *17 (holding that non-creditor third party to a chapter 7

6

debtor's bankruptcy lacked prudential standing to seek damages under § 362(h)). Only Debtor is entitled to assert claims under § 362(h) and seek damages. See In re Siskin, 231 B.R. 514, 519 (Bankr. E.D.N.Y. 1999) (holding that a non-debtor spouse lacked standing to assert a claim under section 362(h) for violation of the automatic stay); In re Kizelnik, 190 B.R. 171, 179 (Bankr. S.D.N.Y. 1995)(mortgagor's granddaughter lacked standing to invoke automatic stay); In re Lazerow, 119 B.R. 74, 77 (Bankr.D.Md.1990) (noting that automatic stay did not preclude creditor from pursuing collection from debtor's wife) (aff'd 139 B.R. 802 (D.Md. 1992)); In re Sumpter, 171 B.R. 835, 843 (Bankr. N.D. Ill. 1994); N.L.B.R. v. McDermott, 300 B.R. 40 (Bankr. D. Colo. 2003). Therefore, EMC is entitled to summary judgment for the violation of stay claims asserted by all other Plaintiffs.

## II. EMC IS ENTITLED TO SUMMARY JUDGMENT FOR HARRIET LYNTON'S CONVERSION CLAIM

EMC contends that it is entitled to summary judgment for Harriet Lynton's conversion claim. Conversion is the authorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another. See Jones v. Equicredit Corp., 347 S.C. 535, 544, 556 S.E.2d 713, 715 (S.C. Ct. App. 2001). To establish the tort of conversion, it is essential that the plaintiff establish either title to or right to possession of the personal property. See id. During the course of discovery, Plaintiffs provided EMC with a list of items that were purportedly converted by the Defendants. The list indicates that "Harriet Lynton lost no items." Further, Plaintiffs concede that Harriet did not lose any personal property through any acts alleged in the Complaint. Accordingly, EMC is entitled to summary judgment for Harriet Lynton's conversion claim.

## III. EMC IS NOT ENTITLED TO SUMMARY JUDGMENT FOR FRANCESCA ENGH'S CONVERSION CLAIMS

EMC argues that it is entitled to summary judgment as to Francesca Engh's conversion claim due to her abandonment of her personal property at the Saramont Property. "The primary elements of abandonment are the intention to abandon and the external act by which the intention is carried out." Billings v. McDaniel, 60 S.E. 2d 592, 594 (S.C. 1950). In order "to justify the conclusion that there has been an abandonment, there must be some clear and unmistakable affirmative act or series of acts indicating a purpose to repudiate ownership." Id. EMC points to the fact that Francesca moved out of the Saramont Property in July 2003, and testified that she did not return to the Saramont Property after she moved out as evidence of her intention to abandon personal property stored at the Saramont Property. The Court finds there is insufficient evidence indicating Francesca's intent to abandon the property she left behind at the Saramont Property. Accordingly, EMC is denied summary judgment for its abandonment defense as to Francesca's conversion claim.

IV. EMC Is Entitled to Summary Judgment for Rolf Lynton's Trespass Claim

The record developed through discovery indicates that Rolf Lynton neither resided at the Saramont Property nor held any possessory interest in it. Moreover, Rolf never held title to the Saramont Property. Plaintiffs have failed to point to any evidence indicating otherwise. Trespass requires an intentional invasion of the plaintiff's interest in the exclusive possession of his property. See West v. Newberry Elec. Co-op., 593 S.E.2d 500, 503 (S.C. Ct. App. 2004). The plaintiff must show peaceable possession of the property to maintain an action for trespass. See Charleston Joint Venture v. McPherson, 417 S.E.2d 544, 549 (S.C. 1992); Snow v. City of Columbia, 305 S.C. 544, 552, 409 S.E.2d 797, 802 (Ct. App. 1991). Under these facts, Rolf cannot demonstrate that he held "peaceable possession" of the Saramont Property, and therefore,

he cannot sustain a claim for trespass.[2] Accordingly, EMC is entitled to summary judgment for Rolf's trespass claim.

### V. EMC Is Not Entitled To Summary Judgment For Its Judicial Estoppel Arguments

*Judicial Estoppel Based Upon Value Placed in Schedules*

EMC contends that the doctrine of judicial estoppel prevents Damon, Benjamin, and Milena from claiming damages for lost property beyond the amounts disclosed on their bankruptcy schedules. The Court disagrees. Judicial estoppel bars a party from taking a position in litigation when the party has previously taken a contrary position and prevailed. See New Hamshire v. Maine, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). The value placed in schedules has been given evidentiary value but not conclusive value. In re Cobb, 56 B.R. 440, 442 (Bankr. N.D. Ill. 1985). Courts that have addressed the issue have generally concluded that the value a debtor places on his property schedules is not grounds for judicial estoppel to bar a debtor from later asserting a higher value. See Delaney v. Wal-Mart Stores, Inc., 408 F.Supp 2d 240 (N.D. Miss. 2005); Myers v. Dolgencorp, Inc., 2006 WL 3290475 (W.D. La. 2006); In re Gonzalez, 295 B.R. 584 (Bankr. N.D. Ill. 2003); Echols v. Echols, 2007 WL 1756711 (Tenn. Ct. App. Jun. 13, 2007). Nevertheless, judicial estoppel may be appropriate to limit recovery if parties acted fraudulently or in bad faith. See Liberty Mut. Fire Ins. Co. v. Scott, 486 F.3d 418 (8th Cir. 2007). Courts have, however, denied summary judgment on judicial estoppel grounds to determine whether a debtor acted in bad faith in disclosing the value of his property in his schedules. See Dawson v. J.G. Wentworth & Co., Inc., 946 F.Supp. 394 (Bankr. E.D. Pa. 1996).

---

[2] On brief, Plaintiffs appeared to argue that there was a trespass to a vehicle owned by Rolf that was at the Saramont Property; however, the cause of action is pled as a trespass to real property in the amended complaint.

Considering the foregoing authorities, the Court does not believe it is appropriate to grant EMC summary judgment on this issue. The property value reflected in Damon, Benjamin, and Milena's respective schedules should be a reflection of market value, which does not necessarily correlate with the replacement value claimed by the plaintiffs in this action. See In re Oscarson, 363 B.R. 542, 558 (Bankr. N.D. Ill. 2007). After reviewing the depositions attached to EMC's motion and construing all facts in a light most favorable to Plaintiffs, the Court cannot conclude, at this point, that Damon, Benjamin, and Milena acted fraudulently or in bad faith in completing their schedules or that they concealed property from their bankruptcy schedules. Therefore, under the circumstances, EMC's motion for summary judgment to limit the property damages asserted by Damon, Benjamin, and Milena is denied.

*Judicial Estoppel Based Upon Maya Rake's Failure to Disclose A Cause of Action*

EMC also argues that judicial estoppel bars Maya Rake's claims against EMC because she did not disclose this litigation on her schedules during her previous bankruptcy filings. When Maya Rake's counsel, James E. Chaffin, Jr., first filed this case as an adversary proceeding (Adv. Pro. No. 06-80181-JW) on September 24, 2006, Maya was a named plaintiff. The Court required the refiling of the complaint initiating adversary proceeding 06-80181-JW on procedural grounds, but before the complaint was refiled, Maya filed her first bankruptcy (C/A No. 06-06067-DD) *pro se* on December 29, 2006.

During her first bankruptcy, James E. Chaffin, Jr. filed another complaint in State Court to initiate this case on January 10, 2007.[3] Maya, however, did not amend her bankruptcy schedules to disclose her interests in this litigation. Furthermore, Maya failed to attend her first meeting of creditors, and thus, the Chapter 13 Trustee did not have the opportunity to examine Maya to uncover her interests in this adversary proceeding. When Maya filed a second

---

[3] After the Plaintiffs' filing in State Court, EMC removed the case to this Court.

bankruptcy case (C/A No. 07-01808-HB), she did not file any schedules before she voluntarily dismissed her case. Therefore, Maya failed to disclose her interests in this adversary on two occasions.

Generally, under persuasive case law, Maya should be barred from maintaining the causes of action in this adversary proceeding based on her repeated failure to disclose such actions as an asset of her bankruptcy estate. See Payless Wholesale Distribs. Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571-72 (1st Cir. 1993) Oneida Motor Freight Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir. 1988); In re Hovis, 325 B.R. 158, 164 (Bankr. D.S.C. 2005); Monroe County Oil Co. v. Amoco Oil Co., 75 B.R. 158, 162 (S.D. Ind. 1987). Nevertheless, because Maya Rake is currently involved in a pending chapter 13 bankruptcy (C/A No. 07-03589-HB) that has not reached confirmation and because this adversary proceeding is an asset of her estate, the Court believes that Maya Rake's Chapter 13 Trustee should be allowed to maintain this cause of action on behalf of the estate and should be provided an opportunity to be substituted for Maya Rake as the real party in interest. See Lanford v. MCE Cars, Inc. (In re Lanford), C/A No. 05-11814-W, Adv. Pro. No. 05-80369, slip op. (Bankr. D.S.C. Jan. 24, 2006). Accordingly, the Chapter 13 Trustee administering Maya Rake's bankruptcy shall have seven days from the service of this Order to move to join this adversary as the real party in interest or the Court shall grant EMC summary judgment against Maya Rake. James Chaffin, Maya's attorney in this matter, shall immediately serve a copy of this Order on William K. Stephenson upon the entry of this Order and file a certificate of service on or before August 21, 2007.

## CONCLUSION

Based on the foregoing, the Court grants in part and denies in part EMC's Motion. Accordingly, EMC is entitled to summary judgment as to the following: (1) the violation of stay

claims pursuant to § 362(h) by all Plaintiffs other than Milena Engh; (2) Harriet Lynton's conversion claim, and (3) Rolf Lynton's trespass claim. EMC is otherwise denied summary judgment with respect to all other grounds asserted in its motion. Furthermore, upon entry of this Order counsel for EMC shall serve this Order upon Maya Rake's Chapter 13 Trustee. The Chapter 13 Trustee shall have seven days from service of this Order to move to join this adversary proceeding as the real party in interest as to Maya Rake's interests in this adversary proceeding or the Court shall grant EMC summary judgment as to all of Maya Rake's claims. James Chaffin, Maya's attorney in this matter, shall immediately serve a copy of this Order on William K. Stephenson upon the entry of this Order and file a certificate of service on or before August 21, 2007. If the Chapter 13 Trustee does not timely move to join this adversary, counsel for EMC shall be entitled to submit a proposed order granting summary judgment as to all of Maya Rake's claims.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
August 17, 2007