FILED
at _____ O'clock & _____ min. ___ M

OCT 30 2007

United States Bankruptcy Court
Columbia, South Carolina (37)

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>MILENA N. ENGH,<br><br>Debtor(s). | C/A No. 04-00128-JW<br><br>Adv. Pro. No. 07-80018-JW<br><br>Chapter 13<br><br>**ORDER** |
| Milena N. Engh, Benjamin R. Engh, Francesca A. Engh, Damon E. Rake, Maya L. Rake, Rolf P. Lynton, Harriett R. Lynton,<br><br>Plaintiff(s),<br><br>v.<br><br>EMC MORTGAGE CORPORATION, Cyprexx Services, E.R.V. Bidding, Inc., Charley Newman, REO Services, Harold Spires,<br><br>Defendant(s). | |

ENTERED
OCT 30 2007
K.R.W.

This matter comes before the Court upon the Motion to be Relieved as Counsel (the "Motion") filed by James E. Chaffin, Jr. ("Chaffin") and Douglas N. Truslow ("Truslow"). Chaffin and Truslow have appeared in the above-referenced adversary proceeding on behalf of Milena N. Engh, Benjamin R. Engh, Francesca A. Engh, Damon E. Rake, Maya L. Rake, Rolf P. Lynton, Harriett R. Lynton (collectively, the "Plaintiffs"). The Plaintiffs filed an objection to Chaffin and Truslow's Motion. The Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052.[1]

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

## **FINDINGS OF FACT**

1. On September 15, 2006, Plaintiffs each entered into separate Professional Retainer Agreements (collectively, the "Agreements") with Chaffin, wherein the parties agreed that Chaffin would represent Plaintiffs in an adversary proceeding in the United States Bankruptcy Court for the District of South Carolina to recover damages in connection with an alleged violation of the automatic stay under 11 U.S.C. § 362. The Agreements provided that Chaffin may associate other attorneys to perform certain tasks relevant to this case.

2. Thereafter, Chaffin associated Truslow to assist with the adversary proceeding. The Plaintiffs did not enter into a written agreement with Truslow.

3. On March 2, 2007, Chaffin and Truslow commenced this adversary proceeding on behalf of the Plaintiffs by filing the Plaintiff's complaint.

4. Since the filing of the adversary proceeding, Chaffin and Truslow have conducted discovery on the Plaintiffs' behalf and made efforts to prepare this case for trial.

5. At some point during their investigation of the Plaintiffs' claims, Chaffin and Truslow reached an impasse with the Plaintiffs and could not agree on the proper course for this adversary proceeding.

6. On October 2, 2007, Chaffin and Truslow filed the Motion seeking the entry of an order authorizing their withdrawal as counsel for the Plaintiffs.

7. On October 22, 2007, Plaintiffs filed an objection to the Motion contending that they have a contract with Chaffin and Truslow and that relieving them as counsel so close to trial would prejudice Plaintiffs' case.

8. On October 23, 2007, the Court conducted a hearing on the Motion. At the hearing, Chaffin informed the Court that he believed the Plaintiffs no longer valued his opinion and that they had an entirely different valuation of their claim. Truslow advised the Court that he had concerns about the Plaintiffs' ability to sustain their burden of proof and potential consequences to the Plaintiffs should they choose to go forward with the case.

9. On October 24, 2007, the Court received correspondence from Chaffin requesting that the Court hold in abeyance its ruling on the Motion as "there are discussions underway which may make it possible for the relationship to continue."

10. On October 25, 2007, the Court received correspondence from Truslow requesting that the Court go forward with its ruling and stating that "there is absolutely no possible way for me to continue my representation of Plaintiffs given the history of what has occurred (or may occur should Plaintiffs testify)."

## CONCLUSIONS OF LAW

As both Chaffin and Truslow have appeared as counsel and filed documents on behalf of the Plaintiffs in this case, they must obtain leave of the Court in order to withdraw as counsel under Local Bankruptcy Rule 9010-1(d), which provides:

> [A]ny attorney who files documents for or on behalf of a debtor or party in interest shall remain the responsible attorney of record for all purposes including the representation of the party at all hearings and in all matters that arise in conjunction with the case. The Court may permit counsel to withdraw from representation of a party upon motion which details the reason for the request for withdrawal and indicates the consent of that party or upon notice and an opportunity for hearing to that party and any trustee appointed in the case.

Rule 1.16(b) of the South Carolina Rules of Professional Conduct provides that a lawyer may withdraw from representing a client if the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement or

3

other good cause for withdrawal exists.  S.C. RULES OF PROF'L CONDUCT R. 1.16(b)(4) & (7); see also In re Anonymous Member of the Bar, 298 S.C. 239, 240, 379 S.E.2d 723, 723 (1989) ("An attorney will usually have to establish good cause for withdrawal.")

Truslow has informed the Court that he has a fundamental disagreement with the course of action proposed by the Plaintiffs.  It appears that Truslow has advised the Plaintiffs that he has serious concerns with their ability to sustain their burden of proof at trial, but the Plaintiffs nonetheless wish to proceed.  Truslow has also indicated that he has concerns regarding whether his continued representation of the Plaintiffs would be ethically permissible under the S.C. Rules of Professional Conduct.  The Court also notes that Truslow has no written contract with the Plaintiffs regarding his representation of them in this matter.  It appears that the attorney/client relationship that existed between Truslow and the Plaintiffs has deteriorated to the level that precludes effective representation in this matter.  Furthermore, Chaffin's present and continued representation eliminates any prejudice to the Plaintiffs as a result of Truslow withdrawing as their counsel.  For these reasons, the Court finds that Truslow has shown good cause for withdrawal. Therefore, Truslow's Motion to be Relieved as Counsel is hereby granted.

By Order entered October 26, 2007, the Court has required the parties to engage in mediation to avoid prejudice and delay to the parties and to aid in the efficient resolution of this adversary proceeding.  Chaffin has indicated to the Court that he is engaging in discussions with the Plaintiffs that may make it possible for their attorney-client relationship to continue.  Therefore, the Court will reserve its ruling regarding Chaffin's Motion to be Relieved as Counsel at this time.

**AND IT IS SO ORDERED.**

_/s/ John E. Waites_
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
October 30, 2007